TIMOTHY COURCHAINE
United States Attorney
District of Arizona

SHEILA PHILLIPS
Michigan State Bar No. P51656
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-01088-01-PHX-DJH |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES RESPONSE TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM** |
| Alex Daniel Delgadillo Martinez | |
| Defendant. | |

The United States requests the Court sentence Defendant to 36 months of imprisonment followed by 3 years of supervised release.  The United States does not oppose a slight downward variance but not the extent requested by Defendant.  (Doc. 54).

**I.    FACTS**

Beginning August 10, 2023, and concluding August 11, 2023, "Armando" exchanged a series of text messages with an undercover individual (UC) regarding the sale of one Saco, model MK60 fully automatic rifle in Yuma, Arizona. Armando informed the UC a "runner" had traveled to Phoenix to obtain funds for the purchase of the firearm in Yuma. Armando subsequently contacted the UC and provided a location for the transaction. PSR ¶ 6.  A short time later, Defendant arrived by vehicle and met with the UC in their vehicle. He looked in the backseat and confirmed the firearm was in the vehicle, which he inspected, and he ultimately provided the UC with $17,500 in United States currency. Defendant confirmed with the UC he was going to transport the firearm to

Mexico that day. Investigators approached the vehicle and placed Defendant under arrest. During a search of the vehicle agents seized the $17,500 and additional $11,770. *Id.*

Defendant stated someone named "Julio" in San Luis Rio Colorado, Sonora, Mexico, provided him the number for the UC, and he provided a description of Julio. The defendant ultimately admitted he was going to transport the firearm to Nogales, Sonora, Mexico for which he would be paid $4,000. He agreed to take the firearm to Mexico because he had stopped working, recently had a baby, and thought it would be easy. The defendant confirmed he did not possess a Federal Firearm License (FFL) nor an import/export license, and he was unable to recall if the firearm was fully automatic. During a later questioning, Martinez advised he met Julio at a party in Mexico, and he asked multiple people if they wanted to work for him. PSR ¶ 8.

An examination of Defendant's cellphone revealed between August 3, 2023, and August 11, 2023, Defendant engaged in various communications discussing the sale/purchase/transportation of numerous firearms including handguns, machineguns, large caliber guns, and grenades between the United States and Mexico. PSR ¶ 9. Further messages reflected the transportation of unlawful aliens and the smuggling and sale of methamphetamine, fentanyl, and cocaine. *Id.* Of concern, two separate photos depicted a Hispanic male and a Hispanic female, both of whom appeared deceased. An individual wearing latex gloves was observed holding their heads. *Id.*

On June 25, 2024, a grand jury indictment Defendant on two counts: Count 1: Possession of a Machinegun, Aid and Abet, in violation of 18 U.S.C. §§ 922(o), 924(a)(2) and 2; and Count 2: Smuggling Goods from the United States, in violation of 18 U.S.C. § 554(a). PSR ¶ 1. On May 16, 2025, Martinez pleaded guilty to Count 2 of the indictment and entered into a written plea agreement. Count 2 of the indictment alleged on or about August 11, 2023, in the District of Arizona, Defendant knowingly and fraudulently attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, bought and in any manner facilitated

the transportation, concealment, and sale of such merchandise, article or object, that is, a Saco, model MK60 machinegun, knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819, and Title 15, Code of Federal Regulations, Parts 736.2, 738 and 774. PSR ¶ 2. The Plea Agreement set a cap at the low end of the sentencing guideline range. PSR ¶ 3.

## II.   SENTENCING GUIDELINE

The Presentence Investigation Report (PSR) accurately calculates Defendant's Total Offense Level at 23 after acceptance of responsibly, which includes and a base offense level of 26 under USSG §2M5.2(a)(1). PSR ¶¶ 13-23.  The current offense is Defendant's first conviction, so he is a Criminal History Category I.   Therefore, his guideline range is correctly calculated at 46 to 57 months' incarceration.  PSR at 12. The PSR recommends a sentence of 46 months.  *Id.*   The Defendant requests a 6-level downward variance based on Defendant's age, his lack of criminal history and his performance on supervised release. (Doc. 54).   The United States agrees that these factors justify a downward variance, but not to the extent requested by Defendant.  Instead, the United States suggests a 2 or 2 level downward variance, which would result respectfully in a 37 to 46 or 33 to 41sentencing guideline range.

## III.   UNITED STATES SENTENCING RECOMMENDATON

Defendant's offense conduct is very serious. Not only did he purchase a machine gun, which is extremely lethal and illegal, he did so with the intent to transport it to Mexico for likely use by a drug cartel.   Moreover, cellphone records suggest he was not only heavily involved in firearms trafficking but also narcotics and human smuggling.  PSR at 12.  As stated in the PSR, it appears Defendant was network of co-conspirators he worked with to engage in criminal offenses.  *Id.*

To Defendant's credit, he is before the Court for her first offense, and he has done well on pretrial release. Thus, the United States does not oppose a slight downward variance.  Given the seriousness of the offense and the extent of Defendant's involvement

in firearms trafficking, a sentence of 36 months is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) analysis.

## IV.    CONCLUSION

Therefore, the United States respectfully requests the Court sentence Defendant to 36 months of imprisonment followed by 3 years of supervised release.

Respectfully submitted this 23rd day of October 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Sheila Phillips*
SHEILA PHILLIPS
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing sealed documents, and that true and accurate copies have been transmitted electronically to the following recipient: Jared H. Eggers, *Attorney for Defendant*

*s/ Carlton Covington*
United States Attorney's Office